The counsel for plaintiff in error, fled a petition for a re-hearing.
The counsel for the plaintiff, believing that he is authorized by the law of this case, to make farther exertions in behalf of his client, respectfully asks the court to reconsider this cause.
Crawley brought his action of trespass, on the case, against Sanders, for a malicious prosecution, alleging, in each count of the declaration, a return of a true bill for felony, by the .grand jury; that he was lawfully acquitted upon the indictment, but fails to show that the defendant knew of his innocence, or to make any similar averment. To this declaration the defendant pleaded, in substance, thathis father had put and kept in a pen, eight young hogs, and that, on a day previous to the commencement of the prosecution, against Crawley, the said hogs were feloniously stolen and carried away from the pen of his father, and were afterwards found in the possession of Craw-ley, with their ears cut off, and their ear marks altered; that without any malice, he, at the succeeding term of the Gallatin circuit court, informed the grand jury of the above facts, who, thereupon, found the indictment against Crawley, and concludes by traversing the fact, that he had ever instituted any other prosecution against Crawley. The plaintiff replied that the hogs were his property, and that he came to the possession of them lawfully. Upon this replica* *125 tion the defendant took issue. In the opinion delivered, there is no intimation that the plea is insufficient, therefore, if it can be shown that the replication is defective, the defendant can claim a reversal, the faulty pleading having commenced with the plaintiff. Malice, want of probable cause, and injury to the plaintiff,'constitute the gist of this action. Does the replication put in issue either of these essentials? Could not the whole reply of the plaintiff be literally true, and still not destroy the probable cause pleaded by Sanders? Thus in the case from I. Hawkins, 145; suppose the tailor had found the cloth in possession of the general owner, after it was stolen from his shop, and in an action by the general owner, for malicious prosecution, he had pleaded the facts that the cloth had heen delivered to him by A, the owner, to make a coat; that it was stolen from his shop, and he found it in possession of A, would the reply by A, that the cloth was his, and that he came by it lawfully, avoid the effect of the tailor’s plea? Was not the fact pf finding the cloth in A’s possession, sufficient to authorize the presumption that he stole it, and did the replication do more than assert his innocence of the felony? Could he have destroyed the effect of the tailor’s plea without avering, in the replication, a knowledge of his having lawfully obtained possession? The same questions may be asked in this case, with equal propriety. The replication is nothing more than an assertion by the plaintiff, that he is not guilty of the felony, an issue tried between the commonwealth and the plaintiff, upon the, indictment, and upon which a verdict must have been rendered, to entitle him to this action, which can only be supported when the prosecution is finally determined. See Esp. onEvid. 232; Yelv. note 2, 105. Such an issue is many degrees removed from the gist of the action, for malicious prosecution; the court say, in their opinion delivered, “the issue is not immaterial. If the property belonged to the plaintiff,¡ Crawley, and he came lawfully into the possession of it, which is averred in his replication, he could not have been guilty of felony. Probable cause for the prosecution might be made out, if another had stolen the property, and it bad, thereafter, got into tlye hands of the plaintiff below; *126 but from the evidence, so far as it has been set out in the bill of exceptions, it is clear that the whole case turned upon the felonious taking by the plaintiff, and that the defendant below knew that the property belonged to the plaintiff,” &c. The counsel respectfully suggests, that no evidence in the bill of exceptions, can aid a defect in the pleadings; that which is material to be proved, should appear upon the face of the pleadings; the allegata and probata must correspond; the want of an essential allegation cannot be supplied by proof. If the defendant below knew that the property belonged to the plaintiff, to reap advantage from that knowledge,the plaintiff should have averred the sciento in his replication to the plea, “that the whole case turned upon a felonious taking by the plaintiff,” is precisely wherein the counsel for Sanders considers the issue immaterial; the trial upon the indictment so conclusively settled that point, that if Sanders had introduced proof to show Crawley guilty, he might have ended the inquiry by producing the verdict of acquittal. The declaration asserts the acquittal of the plaintiff, the plea does not allege his ■guilt, but in legal construction, confesses the innocence of the plaintiff. I. Chitty, 549. Every replication setting up new matters, confesses and avoids the plea; the plea in this case, alleges the commission of a felony, by taking the hogs out of the pen of Sanders, the finding them in Crawley’s possession, re-marking them and cutting off theirs ears, and a statement of these facts to the grand jury. All these facts being unanswered by the replication, are, in legal construction, confessed, just as a replication to a plea of infancy, that the goods were necessaries, confesses the infancy. Does the replication avoid the plea? It certainly does not; but in effect asserts that which the plea had admitted, that the plaintiff was not guilty of stealing the property. See Esp. on Evid. 231. That guilt or innocence forms no part of the gist of this action, is manifest from the decision, that the allegation abs que justa causa, is not sufficient. II. Show. 154; III. Call. 452. In II. Selwyn’s N. P. 106, it is said that legal evidence of guilt is not required to make out probable cause, but that reasonable grounds of suspicion are sufficient. With this *127 accords the decision in the case of Cox vs. Worrall, Yelv. 105, to which the counsel respectfully asks the attention of the court. In Espinass on Evidence, 231, it is said that the plaintiff must prove that the proceedings were groundless, and that known to the defendant, as proof of an alibi, and that the defendant knew it, in support of which, II. Esp. Dig. N. P. 30, is cited. From which it follows, that the scienter should have formed part of the replication, for the plaintiff is not bound to prove more than he is required to allege. By the English decisions and those ot Virginia and Massachusetts, acquittal upon an indictmentis not prima facie evidence of want of probable cause, but the plaintiff, upon plea of not guilty, must proceed farther with his proof. II. Stark. 913, note 1; IV. Mun. 462. Therefore, when probable cause is well pleaded, (as in this case, for if the plea is bad, the court would not have said the issue is not immaterial,) a reply by the plaintiff should show all that is essential in proof, and not stop with an averment that the property belonged to him, and he came lawfully into possession of it, allegations tantamount only to his plea of not guilty, to the indictment. Now let us suppose the issue material, should not the first instruction of the defendant have been given? The issue is, in this action of malicious prosecution, whether the property belonged to Crawley, and whether he lawfully took it from the possession of defendant; the evidence was, that the hogs had been regularly posted as estrays, and that Crawley took them without paying the expenses of posting, &c. The instruction asked, is, that if the jury believe the defendant’s father had posted the hogs, and that the plaintiff, without proving his hogs, took them from the pen of the defendant, under the issue, they should find for the defendant. Bylaw, II. Dig. Sta. 1175, stray hogs shall be vested in “the taker up,” unless the owner shall prove his property within twelve months; the instruction was designed to raise two questions. 1st. What right in the hogs has “the taker up,” during the twelve months allowed to prove property by the general owner. 2d. If the general owner, within twelve months, take the hogs, does he, in the language of the replication, come lawfully and *128 rightfully into possession' of them? These are the only points determined by the jury, for a verdict speaks only the truth of the issue; the replication is a total departure from the declaration,and the gist of the action.
Response to the petition.
The approaching end of the term, must be my apology for the crude manner in which the foregoing suggestions have been made, and imperfect as they are, nothing but a sense of obligation to my client, could induce me to submit them to this court.
Judge Underwood delivered the opinion of the court, on the 26th of October, 1829, overruling the petition.
By the act of 1799, II. Dig. 681, it is provided that “no judgment, after the verdict of twelve men, shall be stayed or reversed, where it shall appear to the court that the merits of the cause have been fairly and fully decided by such verdict, and that such verdict and the judgment thereon, might be effectually pleaded in bar to another suit for the same cause. There can be no doubt but that the verdict and judgment in this cause, can be plead in bar to all other actions which Crawley may institute against Sanders, for the malicious prosecution complained of. From what appears in the record, we are convinced that the verdict of the jury has fairly and fully settled the merits of the cause. Under these convictions, we should violate a positive command of the legislature, by reversing the judgment. In such a case we cannot notice “any, mispléading or insufficient pleading,’’ however well convinced we may be of its existence, testing it by the English law. If the defendant in the court below was dissatisfied with the replication, he ought to have demurred, and thereby reserved the question of law. Had he done so, this court would readily correct any error apparent in the proceedings. But when no objection is made, and we are satisfied that the merits have been tried, it is two late, after Verdict, to attempt setting aside the decision of twelve inen.
The petition for a re-hearing is overruled.